```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER WILLARD,

                Petitioner,                MEMORANDUM & ORDER
                                           08-CV-1525(JS)
        -against-

THE STATE OF NEW YORK,

                Respondent.
----------------------------------X
APPEARANCES:
Petitioner:     Christopher Willard, Pro Se
                05A2161
                Sing Sing Correctional Facility
                354 Hunter Street
                Ossining, NY 10562

For Respondent: Cristin N. Connell, Esq.
                Nassau County District Attorney's Office
                262 Old Country Road
                Mineola, NY 11501
```

SEYBERT, District Judge:

Petitioner, Christopher Willard ("Willard" or "Petitioner"), petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Petition is DENIED.[1]

## BACKGROUND

I.  Factual Background

On the night of January 17, 2004, M.T. left a nightclub in Westbury, Nassau County, and entered a taxicab operated by Petitioner. M.T. later testified that, over the course of several

---

[1] On October 30, 2009, Petitioner filed a mandamus action. Willard v. Seybert, 09-CV-4885. Because Petitioner's Habeas Petition pursuant to 28 U.S.C. § 2254 is DENIED herein, the mandamus action is hereby DISMISSED as moot.

hours, she had imbibed four or five drinks, had a very low tolerance, and felt very drunk thereafter. At M.T.'s request, Petitioner drove her to a friend's home in Bellmore, Nassau County. Upon arrival, M.T. discovered that her friend was not at home, and reentered the cab. She promptly passed out.

Subsequently, M.T. regained consciousness long enough to observe that the cab was parked at a convenience store before she passed out again. M.T. testified that the next time she awoke she found her pants and underwear pulled down to her knees and Petitioner between her legs, with his penis inside of her. While M.T. was unconscious, Petitioner had placed his penis in her vagina. M.T. said that "his pants were down," his penis was "inside me" and "he was thrusting back and forth." (T 311-12.) When Petitioner was finished, he went into M.T.'s purse and took forty-three dollars from her wallet. (Id. at 315.) Petitioner then drove back to the home of M.T.'s friend and let her out of the taxi. M.T. ran to the home of her friend's neighbor, who let her in and called the police. (Id. at 320-21.)

After hearing M.T.'s account, Nassau County police officers suspected that the rapist was a driver for Long Island Checker Cab Company ("Company") and asked the Company's dispatcher to call Petitioner back to the cab stand. Various officers took position near the cab stand in their marked police cars and waited for Petitioner to return. Shortly thereafter, Officer Frank Ruvolo

saw Petitioner's cab pass by and he began to follow the cab. Petitioner accelerated and led the police on a high-speed chase that involved three police cars over several miles. Petitioner eventually led the officers onto the Meadowbrook Parkway, where he sideswiped one of the police cars before crashing the cab into a guardrail. Petitioner then left his vehicle and tried to flee on foot. The officers ultimately apprehended him in the wooded area near the parkway. Altogether, the chase lasted approximately fifteen minutes.

II. <u>Procedural History</u>

Petitioner was charged with two counts of First Degree Rape (N.Y. Penal Law § 130.35[1], [2]), one count of Rape in the Third Degree (Penal Law § 130.25[1]), two counts of Sexual Abuse in the First Degree (Penal Law § 130.65 [1], [2]), one count of Robbery in the Third Degree (Penal Law § 160.05), one count of Grand Larceny in the Fourth Degree (Penal Law § 155.30[5]), two counts of Assault in the Second Degree (Penal Law § 120.05[3], [6]), Reckless Endangerment in the First Degree (Penal Law § 120.25), one count of Criminal Mischief in the Third Degree (Penal Law § 145.05[2]), two counts of Criminal Mischief in the Fourth Degree (Penal Law § 145.00[3]), and one count of Resisting Arrest (Penal Law § 205.30). After trial in the New York State Supreme Court, Nassau County, on February 28, 2005, Petitioner was sentenced to a determinate term of imprisonment of twenty-five

3

years and five years' post-release supervision on the rape count, a determinate term of seven years and five years' post-release supervision for both the sexual abuse and assault in the second degree counts, an indeterminate term of three years and six months to seven years each on the robbery and reckless endangerment counts, an indeterminate term of two to four years each on the grand larceny and criminal mischief in the third degree counts, and a definite term of one year each on the criminal mischief in the fourth degree and resisting arrest counts. The trial court ordered all of the sentences to run concurrently. Because Petitioner's acts violated a five-year term of probation that had been imposed on September 10, 2001, for a prior unrelated crime, Petitioner was sentenced to an additional indeterminate term of two years and four months to seven years. The court ordered this sentence to run consecutively with the sentence for rape in the first degree.

Thereafter, Petitioner was appointed appellate counsel, who appealed from Petitioner's conviction to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). On appeal, Petitioner argued that: (1) the evidence was legally insufficient to support his conviction; (2) the jury's verdict was against the weight of the evidence; and (3) Petitioner's sentence was harsh and excessive. After the Respondent filed a brief in opposition to counsel's brief, Petitioner filed a pro se supplemental brief, claiming that: (1)

his statements to the police had been coerced and their introduction at trial violated his Fifth Amendment rights; (2) he received the ineffective assistance of trial counsel; (3) the trial court should have granted his numerous pro se motions to dismiss the indictment against him; (4) the trial court's decision, that he had violated his probation, violated his constitutional rights; (5) his sentence was unduly harsh and excessive; and (6) the court erred when it allowed the prosecutor to play a videotape depicting the route taken when Petitioner was chased by police.

On March 27, 2007, the Appellate Division held that, viewing the evidence in the light most favorable to the prosecution, the evidence was legally sufficient to establish that M.T. was unconscious or otherwise physically unable to communicate her unwillingness to engage in sexual intercourse with Petitioner (see Penal Law § 130.00[7]). Additionally, it was satisfied that the verdict of guilt of rape in the first degree was not against the weight of the evidence. Finally, the Appellate Division held that the sentences imposed were not excessive, and that Petitioner's remaining contentions, including those raised in his supplemental pro se brief, were without merit. Petitioner's conviction was unanimously affirmed. People v. Willard, 832 N.Y.S.2d 294, 294 (App. Div. 2007). On October 5 2007, the New York Court of Appeals denied Petitioner's application for leave to appeal on the same grounds as those raised in the Appellate

Division.  People v. Willard, 878 N.E.2d 618, 9 N.Y.3d 965, 848 N.Y.S.2d 34 (2007).

On or about April 24, 2006, Petitioner filed a motion to vacate his judgment pursuant to C.P.L. § 440.10, raising two arguments: (1) a videotape of the route of the police chase should not have been played for the jury; and (2) the prosecution should have produced a witness who could have authenticated an allegedly exculpatory surveillance tape.  On June 1, 2006, the County Court denied Petitioner's motion, finding that Petitioner's claims were procedurally barred and without merit.  On or about November 16, 2006, Petitioner filed a second motion to vacate judgment, raising five claims, and arguing: (1) count three of the indictment, Rape in the Third Degree, was erroneously dismissed; (2) the victim's medical reports were improperly withheld from the grand jury; (3) ineffective assistance of counsel; (4) the violation of probation hearing abridged his constitutional rights; and (5) he was entitled to bail or release on his own recognizance.  On December 18, 2006, the County Court denied Petitioner's motion, again finding that Petitioner's claims were procedurally barred and without merit.

On April 3, 2008, Petitioner filed his petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He cites three grounds as a basis for his petition: (1) the evidence against him at trial was legally insufficient to prove one of the elements of the charged rape, namely that the victim had been unconscious or

physically unable to communicate an unwillingness to act; (2) he received ineffective assistance of counsel because his trial counsel failed to challenge the grand jury as it was impaneled, and because he failed to object to the admission of a videotape of the scene of the police chase and the related testimony of a police officer; and (3) his sentence is unduly harsh and excessive.

## DISCUSSION

I. <u>Federal Habeas Review of State Convictions</u>

Petitioner filed this action after the April 24, 1996, effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the AEDPA's provisions apply to his case. See <u>Williams v. Taylor</u>, 529 U.S. 362, 402, 120 S. Ct. 1479, 1518, 146 L. Ed. 2d 389 (2000). Section 2254 provides that a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This deferential review is applied as long as the "federal claim has been 'adjudicated on the merits' by the state court." <u>Cotto v. Herbert</u>, 331 F.3d 217, 231 (2d Cir. 2003). "A state court adjudicates a petitioner's federal constitutional claims on the

merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (internal citations and quotations omitted).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (quoting Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002)). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially distinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (quoting Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry, 532 U.S. at 792 (quoting Williams, 529 U.S. at 407-08). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

8

Rather that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411.

II. <u>Petitioner's Claim that the Evidence was Legally Insufficient to Prove all Elements of the Charged Rape</u>

"The Due Process Clause of the Fourteenth Amendment prohibits conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the Petitioner] is charged.'" <u>Einaugler v. Supreme Court of the State of New York</u>, 109 F.3d 836, 840 (2d Cir. 1997) (<u>quoting</u> <u>In re Winship</u>, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970)). The Petitioner is only "entitled to habeas corpus relief if it is found that upon the evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1979). The evidence must be viewed "in the light most favorable to the prosecution." <u>Id.</u> at 319. When challenging the sufficiency of the evidence in a state criminal conviction, petitioner "bears a heavy burden." <u>Einaugler</u>, 109 F.3d at 840. Additionally, "the government receives the benefit of having all permissible inferences drawn in its favor." <u>Dixon v. Miller</u>, 293 F.3d 74, 81 (2d Cir. 2002) (<u>citing</u> <u>United States v. Martinez</u>, 54 F.3d 1040, 1042 (2d Cir. 1995)). Furthermore, the verdict can "be based entirely on circumstantial evidence." <u>Martinez</u>, 54 F.3d at 1043.

In this case, Petitioner takes issue with one aspect of

9

the evidence: namely that the evidence was insufficient to demonstrate that M.T. was physically helpless at the time of the rape. Contrary to his contentions, however, there is considerable evidence when viewed in a light most favorable to the Respondent that supports the jury's finding that M.T. was physically helpless and that the Petitioner was guilty beyond a reasonable doubt. The evidence established that, on the night of the incident, M.T., who had a low tolerance for alcohol, had imbibed four or five drinks over several hours. M.T. testified that she felt very drunk, drifted in and out of consciousness while in defendant's cab, and wasn't sure what was happening when she awoke with Petitioner's penis inside of her. (T 311-13.) She told the jury that her fright and state of intoxication prevented her from reacting when defendant began moving his penis inside and out of her vagina. Viewing this evidence in the light most favorable to Respondent, a rational jury clearly could have concluded that M.T. was physically helpless when Petitioner pulled down her clothes and placed his penis in her vagina while she was unconscious.

Given the considerable evidence that supports the Petitioner's guilt in the crimes charged, Petitioner fails to meet the demanding standard for overturning the jury's verdict. Thus, Petitioner's claim for insufficiency of evidence is without merit, and he is not entitled to habeas relief on this ground.

III. Ineffective Assistance of Counsel Claim

To prevail on a claim of ineffective assistance of counsel, Petitioner "must show both that his counsel acted 'outside the wide range of professionally competent assistance,' and that the deficiencies is his counsel's performance were prejudicial to his defense." Jameson v. Coughlin, No. 93-CV-2525, 1994 WL 131185, at *2 (2d Cir. Apr. 13, 1994) (quoting Strickland v. Washington, 466 U.S. 668, 690, 691-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). In evaluating whether an attorney's representation has fallen "below an objective standard of reasonableness," Strickland, 466 U.S. at 688, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Counsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." Id. at 691 ("[A] heavy measure of deference [is accorded] to counsel's judgments.")

The second prong of the Strickland test requires that any deficiencies in counsel's performance be prejudicial to the defense. See Strickland, 466 U.S. at 692. While a finding of prejudice is not dependent upon a showing "that counsel's deficient conduct more likely than not altered the outcome in the case," id. at 693, the petitioner nevertheless must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

11

Id. at 694.

It is well established that counsel need not raise every non-frivolous issue simply because a client suggests it "if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1982); see also Abdurrahman, 897 F.2d at 74. Further, there is a strong presumption that counsel used reasonable professional judgment and conducted himself accordingly. See Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000) (quoting Strickland, 466 U.S. at 689).

Petitioner blanketly states that his trial counsel was ineffective because he failed to challenge the grand jury as it was impaneled, and because he failed to object to the admission of a videotape of the scene of the police chase and the related testimony of a police officer. Despite these assertions, Petitioner altogether fails to demonstrate that, in reviewing his claims on appeal, the Appellate Division failed to follow Strickland, and he provides no evidence that but for any supposed error committed by counsel, the result of the proceeding would have been different. In short, the evidence of Petitioner's guilt was overwhelming, and Petitioner's unsupported allegations are insufficient to show counsel's decisions could have made a difference in his conviction.

Accordingly, the Court finds that, based on the record,

Petitioner fails to meet his burden demonstrating that counsel's conduct deprived him of his constitutional right to effective counsel. Petitioner is not entitled to habeas relief on this ground.

IV. <u>Claim that Sentence is Unduly Harsh and Excessive</u>

Where a petitioner's sentence falls within the range prescribed by state law, federal courts will recognize no federal constitutional issue. <u>See</u> <u>Grant v. Graham</u>, No. 08-CV-10453, 2009 WL 3401181, at *10, n.7 (S.D.N.Y. Oct. 19, 2009) (<u>citing</u> <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992)). This rule applies even if the sentence imposed constitutes the maximum term permissible under the statute. <u>See</u> <u>Wright v. Conway</u>, No. 06-CV-0319, 2009 WL 2982978, at *7 (N.D.N.Y. Sept. 14, 2009); <u>see</u> <u>also</u> <u>Warren v. Conway</u>, No. 07-CV-4117, 2008 WL 4960454, at *30 (E.D.N.Y. Nov. 18, 2008) (<u>citing</u> <u>United States v. Gonzalez</u>, 922 F.2d 1044, 1053 (2d Cir. 1991) (finding that courts should review the disproportionality of sentences only in rare cases because the legislature's fixing of terms for imprisonment is presumptively valid)).

At the outset, the Court notes that Petitioner's claim that his sentences was unduly harsh and excessive must be deemed exhausted but procedurally barred because he did not fairly present his claim to the state courts and he no longer has a forum in which to do so. Moreover, Petitioner's sentence fell squarely within the

13

statutory provisions.

Finally, to the extent that Petitioner seeks to argue that the imposed sentences constitute a violation of the Eighth Amendment to the United States Constitution, which prohibits the imposition of a sentence that is "grossly disproportionate to the severity of the crime[,]" Rummel v. Estelle, 445 U.S. 263, 271, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), he again misses the mark. "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" Kirton v. Ercole, No. 08-CV-0719, 2009 WL 3644344, at *11 (N.D.N.Y. Oct. 28, 2009) (alterations omitted) (quoting Rummel, 445 U.S. at 272); see Harmelin v. Michigan, 501 U.S. 957, 995, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (holding that the Eighth Amendment only forbids only sentences which are "grossly disproportionate" to the crime). A sentence of imprisonment which is within the limits of a valid state statute is simply not cruel and unusual punishment in the constitutional sense. Kirton, 2009 WL 3644344, at *11; Brumfield v. Stinson, 297 F. Supp. 2d 607, 622 (W.D.N.Y. 2003). Here, Petitioner has completely failed provide evidence, let alone convincingly establish, that the imposed sentences are grossly disproportionate to the crimes he was convicted of or otherwise violative of his Eighth Amendment rights. Therefore, he is not entitled to habeas relief on this ground.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety. A Certificate of Appealability is DENIED. The Clerk of the Court is directed to mark this matter as CLOSED. Additionally, because the Petition pursuant to 28 U.S.C. § 2254 is DENIED, the mandamus action, <u>Willard v. Seybert</u>, 09-CV-4885, is DISMISSED as moot; the Clerk of the Court is directed to mark that matter CLOSED as well.

                                SO ORDERED.

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated:    December  4 , 2009
          Central Islip, New York

15